**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,**
Appellee,

v.

**Kathy Cooper DUNKIN, Arch Dale Cooper, Citizens Bank of Jonesboro and Administrator of the Estate of Everett Ercell Dunkin, Deceased, Appellants.**

No. 87–2381.

United States Court of Appeals,
Eighth Circuit.

Submitted May 10, 1988.

Decided June 28, 1988.

Rehearing and Rehearing En Banc
Denied Aug. 11, 1988.

Chet Dunlap, Trumann, Ark., for appellants.

Donn Mixon, Jonesboro, Ark., for appellee.

Before FAGG and MAGILL, Circuit Judges, and SNEED,* Senior Circuit Judge.

PER CURIAM.

This appeal is taken from the district court's decision that Nationwide Mutual Fire Insurance Company (Nationwide) is not liable under the terms of a homeowner's insurance policy for damages resulting from the death of Kathy Cooper Dunkin's husband. For purposes of convenience, we will refer to the appellants as Dunkin. We affirm.

Dunkin shot and killed her husband. The administrator of the estate brought an action against Dunkin in Arkansas state court for wrongful death. Under the terms of a homeowner's insurance policy issued by Nationwide to the Dunkins, Nationwide provided Dunkin with an attorney to represent her in the wrongful death action. Dunkin also retained her own personal attorney who continued to represent her in the proceedings.

Dunkin claimed in her answer that she shot her husband in self-defense. During discovery, however, Dunkin refused to answer interrogatories about the incident, asserting her fifth amendment privilege against self-incrimination. In response to the administrator's motion to compel, the state trial court ordered Dunkin to answer all but two of the interrogatories, but she refused to do so. Dunkin and her personal attorney did not seek a protective order,

see Ark.R.Civ.P. 26(c), and they sent a letter to the Nationwide attorney assigned to represent Dunkin stating:

> It is Kathy Cooper's (Dunkin) choice not to answer any interrogatories in the above styled case in spite of the Court's order to do so. She understands that the failure may result in [Nationwide] providing no coverage because of her lack of cooperation, but it is still her choice not to testify.

*Nationwide Mut. Fire Ins. Co. v. Dunkin,* No. J–C–86–99, slip op. at 2 (E.D.Ark. Sept. 15, 1987).

When Dunkin did not respond to the interrogatories, the administrator filed a motion seeking sanctions. The state trial court granted the motion, struck Dunkin's answer, and entered a default judgment against her on the issue of liability under the homeowner's policy. *See* Ark.R.Civ.P. 37(b)(2)(C). The Arkansas Supreme Court affirmed this sanction, concluding Dunkin's " 'blanket refusal' to answer coupled with a lack of any 'particularized showing of the potentially incriminating nature of each question' [were] not sufficient to meet Mrs. Dunkin's burden of establishing a foundation for the assertion of the privilege." *Dunkin v. Citizens Bank,* 291 Ark. 588, 727 S.W.2d 138, 141 (1987).

Nationwide then filed this action in federal district court for a declaratory judgment permitting it to avoid liability under the homeowner's policy on the ground Dunkin violated the policy's cooperation clause when she failed to answer the interrogatories. The district court concluded Dunkin's failure to answer the interrogatories after being ordered to do so by the court violated the cooperation clause. Thus, the court held Nationwide had no duty to satisfy the default judgment entered in state court against Dunkin.

■ Dunkin argues on appeal that the district court incorrectly concluded Dunkin had violated the cooperation clause. This argument is based on Dunkin's contention Nationwide's attorney did not use reason-

* The HONORABLE JOSEPH T. SNEED, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

able diligence in obtaining her cooperation to answer the interrogatories. Dunkin's argument, however, misses the point. The parties stipulated that Dunkin and her personal attorney refused to answer the interrogatories despite a direct court order to do so. We agree with the district court that this refusal made it impossible for Nationwide to defend Dunkin's self-defense claim and violated the terms of the homeowner's policy.

Dunkin also argues Nationwide's attorney should have sought a protective order relieving her of the obligation to answer the interrogatories. This argument is without merit at this point, however, in view of the Arkansas Supreme Court's specific determination there was no adequate basis articulated for Dunkin's assertion of her fifth amendment privilege. *See id.*

Finally, Dunkin argues the district court committed error by admitting the deposition of her Nationwide attorney taken in the wrongful death action. The decision to admit deposition testimony will not be reversed absent a clear showing the trial court abused its discretion. *Alfonso v. Lund,* 783 F.2d 958, 961 (10th Cir.1986).

Rule 32(a)(3)(B) of the Federal Rules of Civil Procedure provides that the deposition of a witness may be used in lieu of live testimony if the court finds the witness is more than 100 miles away from the place of trial. The district court observed Dunkin's attorney was not available because he was required to appear in another case in Helena, Arkansas, on the same day.

Although both parties agree Helena is more than 100 miles from the place of trial, Dunkin claims the district court did not make a specific finding to that effect. By admitting the deposition of Dunkin's attorney, however, the court implicitly found the conditions of rule 32(a)(3)(B) had been satisfied. *See Starr v. J. Hacker Co.,* 688 F.2d 78, 81 (8th Cir.1982). Thus, we find no abuse of discretion in the district court's admission of the deposition.

We have considered Dunkin's arguments and find each of them to be without merit.

Accordingly, we affirm the decision of the district court.