### FRAZIER *v.* MCHANEY, RECEIVER.

### Opinion delivered March 22, 1915.

APPEAL—PARTIES—WHO MAY APPEAL.—Only those who were parties to a suit at the time final judgment was entered in the trial court have a right to prosecute an appeal to the Supreme Court.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; appeal dismissed.

*Bradshaw, Rhoton & Helm* and *Ratcliffe & Ratcliffe,* for appellants.

*John W. Blackwood,* for appellee.

WOOD, J.  The Chicago, Rock Island & Pacific Railway Company and others brought suit in the Pulaski circuit court against the directors of the Fourche Drainage District to correct the assessment of benefits made against the lands of the plaintiffs, alleging that they had been illegally classified and doubly assessed, and praying that the assessments be corrected.

E. L. McHaney filed a motion setting up that he had been appointed receiver by the Pulaski chancery court for the Fourche Drainage District, and alleging that the affairs of the district were being administered and wound up by the chancery court. He prayed that the cause be transferred to the chancery court, which was done. He filed an answer in which he denied the allegations of the complaint as to illegal classification and double assessment, and set up, among other things, that the Legislature had validated the assessment of benefits made by the assessors of the Fourche Drainage District, and alleged that the chancery court had no jurisdiction to go behind these assessments. He also demurred to the complaint. The court entered a decree making certain corrections in the assessments "for the purpose of preventing the duplication of assessments as alleged in the plaintiff's complaint." After this decree was entered, the appellants, John R. Frazier, and others, filed their petition asking to be allowed to intervene for the purpose of prosecuting an appeal from the decree of the court. The court granted their petition and made them parties, "for the purpose of appealing to the Supreme Court," and they have prosecuted an appeal to this court. No appeal has been lodged in this court by either of the parties who were the parties to the litigation in the chancery court when its judgment was rendered. A judgment is the final determination of the rights of the parties in an action. Section 6228, Kirby's Digest. Appellants were not parties to the action in the trial court. The so-called intervention of the appellants to be made parties, and the order of the court allowing them to be made parties for the purpose of prosecuting an appeal, was too late after the rendition of the court's decree. The court did not set aside this decree and make the appellants parties to the proceedings and then render its decree, but the decree recites that the appellants, naming them, were made parties "for the purpose of appealing to the Supreme Court." The lodging of the transcript of the proceedings in this court by the appellants under

the above order of the chancery court did not give this court jurisdiction to inquire into the decree of the chancery court. Only those who were parties to the suit when the final decree was entered would have the right to prosecute an appeal to this court. The chancery court after the rendition of its decree could not then bring in those who had not been parties to the litigation simply for the purpose of prosecuting an appeal; and an order granting such parties the right to appeal from its decree could not give this court jurisdiction either of the parties or of the subject-matter of the litigation in the court below.

The appeal herein is, therefore, dismissed.