Edward J. QUATTLEBAUM and CBM, Inc. *v.*
La Berta GRAY

5-5913                                        480 S.W. 2d 339

Opinion delivered May 22, 1972

*Guy H. Jones, Phil Stratton* and *Guy Jones, Jr.,* for appellants.

*Clark, Clark & Clark,* for appellee.

Carleton Harris, Chief Justice. Central Business Machines, Inc., hereinafter called CBM, Inc., a domestic corporation with its principal office in Conway, instituted suit in the Faulkner County Chancery Court against LaBerta Gray, one of its officers (controller) seeking an accounting and return of certain records. Mrs. Gray answered the complaint and also cross-complained against Edward J. Quattlebaum, appellant herein, a stockholder and Vice President of CBM, Inc. In this pleading, Mrs. Gray alleged that Quattlebaum was indebted to her for $5,000, evidenced by a certain note. This portion of the litigation was transferred to the Faulkner County Circuit Court,[1] and appellant, after filing a general denial, further

---

[1] The record does not reflect any order of transfer, but the parties, in their briefs, agree that this was done.

pleaded a failure of consideration. On trial, and after taking of evidence, the court instructed the jury to return a verdict for Mrs. Gray against Quattlebaum in the amount of the note, $5,000, plus interest and attorney's fees, and further directed the jury to return a verdict over for said sum in favor of Quattlebaum against CBM, Inc. From the judgment so entered comes this appeal.

The execution of the note was admitted by Quattlebaum, but he and Mrs. Gray differed as to the purpose for the giving of the note. Mrs. Gray testified that she gave Quattlebaum $5,000 in cash on December 10, 1969, and he executed the note at that time to her. Quattlebaum stated that he signed the note in blank and that Mrs. Gray was to go to Hot Springs to borrow the money from her mother, the money then to be turned over to CBM, Inc. He said that he signed the note because Mrs. Gray said that her mother would not lend the money without his signature. Quattlebaum stated that he did not receive any money personally. Two days after the execution of the note, Mrs. Gray did deposit to the corporation account $5,952.23, which included a $5,000 personal check executed by Mrs. Gray. Quattlebaum admitted that the corporation did receive $5,000 but "I don't know if it was this". When asked if the money was made available to the company, he replied "I don't know if this $5,000 was, but there was a $5,000 deposit", and he then stated that the company did receive a benefit.

Appellant argues that a jury question was made as to whether he personally received the money. As stated, Quattlebaum had pleaded "failure of consideration" as his defense to the note. This defense is without merit. As early as 1882, in the case of *Rockafellow* v. *Peay, et al,* 40 Ark. 69, this court said:

"It was not necessary to the validity of Gordon N. Peay's note and mortgage that he should have derived any benefit from the transactions out of which they arose. It is sufficient that a valuable consideration moved from the plaintiff to his brother. The consideration for the execution of the first mortgage was a loan of $4,000 to John C. Peay."

In *Hays* v. *McGuirt,* 186 Ark. 702, 55 S.W. 2d 76, we pointed out that consideration does not have to move to

the party promising, but may move from a promisor to a third person; that the consideration may consist in a loan to a third person. See also *Anthony* v. *First National Bank of Magnolia, et al,* 244 Ark. 1015, 431 S.W. 2d 267. As previously pointed out, Quattlebaum admitted execution of the note and admitted that the corporation received a benefit, and this was the purpose of his signing the note. Accordingly, from a legal standpoint, it makes no difference whether Quattlebaum received the money personally, or whether it was deposited to the account of the corporation—for, in either instance, he was liable.

The court acted erroneously in entering a judgment over and against CBM, Inc. in favor of Quattlebaum, since CBM, Inc. was not a party to this phase of the litigation. However, though CBM, Inc. filed a notice of appeal, it was not entitled to do so since it was not a party to this phase of the litigation. See Ark. Stat. Ann. § 27-2106.1 (Repl. 1962). Though, under the record herein, it is clearly entitled to a reversal, this court cannot act upon an appeal taken by one who was not a party to the action in the trial court. Accordingly, CBM's relief should be obtained by an attack upon the judgment in the trial court.

Affirmed.