DEPARTMENT OF HUMAN SERVICES, Child Support
Enforcement Unit *v.* Katherine CRUNKLETON, Guardian
of the Estate of Diane McGowen

90-2                                              791 S.W.2d 704

Supreme Court of Arkansas
Opinion delivered July 9, 1990

*Michael G. Boe*, for appellant.

*Stripling & Morgan*, by *M. Edward Morgan*, for appellee.

STEELE HAYS, Justice. This case involves a dispute over the
proceeds of property originally held in tenancy by the entirety by

Joe and Diane McGowen. Joe McGowen was previously married to Carolyn McGowen. They divorced in 1973. Joe was ordered to make monthly child support payments to Carolyn. Joe defaulted and Carolyn sought help from the Child Support Enforcement Agency, Department of Human Services. In November 1984 Carolyn was awarded a judgment for $14,000 for an arrearage in child support.

After Joe and Diane McGowen married they acquired a tract of real property which they held in tenancy by the entirety. In 1980, the McGowens sold the property to Rudolph and Laverne Hendrix under an agreement which involved monthly deposits of $200 by the Hendrixes to Citizens Bank of Marshall as escrow agent.

Carolyn was unsuccessful in collecting on her judgment from Joe McGowen. She sought the help of the CSE agency and writs of garnishment were served on Rudolph and Laverne Hendrix and on Citizens Bank. The garnishees admitted an escrow account balance of $24,203 and by an order of delivery dated March 1986 the garnishees were ordered to pay $14,000 "in whole or in accordance with the established escrow contract, to the circuit clerk in the form of a check payable to Child Support Enforcement . . . ." Thereafter the monthly installments of $200 were paid to the CSE and then disbursed to Carolyn McGowen. On January 1, 1988, Joe McGowen died and the Hendrixes continued to make payments to the CSE after Joe's death.

At some point Diane McGowen had become incompetent and appellant Katherine Crunkleton was appointed guardian. In November 1988, Ms. Crunkleton filed a petition on behalf of Diane McGowen to intervene in the action between Carolyn and Joe. The petition alleged that half of the monthly payments the garnishees began to make to CSE in April 1986 rightfully belonged to Diane and should be restored. The petition also alleged that after Joe's death all interest in the escrow passed to Diane, and that monies paid from the escrow after Joe's death should be restored and the order of delivery cancelled.

The case was heard on a stipulation of the facts and the trial court ruled in favor of Diane McGowen, finding that half the money paid by the garnishees since April 1986 should be restored

to Diane, that Diane was entitled to all the escrow payments made subsequent to Joe's death and that the order of delivery should be cancelled. The order awarded judgment to Diane McGowen against CSE in the amount of $6,200. The state has appealed, arguing that the trial court's order violates its sovereign immunity and we agree.

Article 5, section 20 of the Constitution of Arkansas provides: "The State of Arkansas shall never be made Defendant in any of her courts." Sovereign immunity is jurisdictional immunity from suit. *McCain* v. *Crossett Lumber Co.*, 206 Ark. 51, 174 S.W.2d 114 (1943). Jurisdiction must be determined entirely from the pleadings and if jurisdiction is not established by the pleadings the court is not to proceed further. *Id.* Here, all of the pleadings reflect a routine child support case resulting in a judgment for an arrearage followed by garnishments. But the garnishment statute, and the act of which it is a part (Act 722 of 1979, as amended), affords no basis for jurisdiction over the state. It merely provides a means by which the payment of child support can be more effectively enforced. It is not a waiver of sovereign immunity. Nor was the state ever named as a party in any of the pleadings. The state was never served with process and never entered an appearance by any type of pleading. In fact, the state has not filed a single pleading and its name was never shown in the style of the case until this appeal. Not having been sued and not having waived its immunity, the state was not subject to a judgment to be awarded against a department of the state. Even so, relief from the error must be held in the trial court, since one may not appeal from litigation to which it was not a party. *Quattlebaum and CBM, Inc.* v. *Gray*, 252 Ark. 610, 480 S.W.2d 339 (1972). Ark. Code Ann. § 16-67-310 (1987).

Appeal dismissed.