IN THE MATTER OF Cindy Lee ALLEN

90-288                                          800 S.W.2d 715

Supreme Court of Arkansas
Opinion delivered December 21, 1990

*Bill B. Wiggins* and *Paul L. Guiffre*, for appellant.

*Friday, Eldredge & Clark*, by: *Walter A. Paulson II*, for amicus curiae Arkansas Counsel of Community Mental Health Centers.

*David P. Saxon* and *Daniel Shue*, for appellee.

ROBERT H. DUDLEY, Justice. Cindy Lee Allen's father petitioned the probate court to have her involuntarily committed to the State Hospital. *See* Ark. Code Ann. § 20-47-207 (Supp. 1989). The court determined that there was probable cause to believe that she should be committed, *see* Ark. Code Ann. §§ 20-47-207 and -209, and ordered her detained for an examination and a hearing. *See* Ark. Code Ann. § 20-47-213. She was taken to the Western Arkansas Counseling and Guidance Center, Inc. for the examination. The next day subpoenas were issued for Western Arkansas's executive director and medical director to testify at the commitment hearing.

At the commitment hearing, the petitioner was represented by a deputy prosecuting attorney, *see* Ark. Code Ann. § 20-47-208, and Ms. Allen, the alleged mentally ill person, was represented by court appointed counsel, *see* Ark. Code Ann. § 20-47-212. The witnesses from Western Arkansas testified that Ms. Allen needed to be hospitalized, but that, at that time, there was no space available for her in the State Hospital. There was a dispute about interpreting the applicable statutes, and the trial court, on its own motion, ordered Western Arkansas to deposit $10,000.00 into the registry of the court to pay the costs of private hospitalization and treatment for Ms. Allen. Subsequently, the court ordered money paid from the deposit. No pleading had been filed against Western Arkansas. It had not been made a party to this action, and no summons had ever been served upon it. In short, it had no notice whatsoever that a judicial proceeding was being had against it. It appeals from the judgment.

Service of process is necessary to give a court jurisdiction, or power, over a defendant. *Pennoyer* v. *Neff*, 95 U.S. 714 (1877); *Tucker* v. *Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982). Here, there was no notice and the probate court never acquired jurisdiction over Western Arkansas. The appearance of Western Arkansas's executive director and medical director as witnesses in the involuntary commitment proceeding did not constitute a waiver of notice in an indemnity proceeding against the corporation.

No pleading or process made Western Arkansas a party. Our general rule is that this court cannot act upon an appeal taken by one not a party to the action below. Rather, relief must be had by way of a collateral attack upon the judgment. *Quattlebaum* v. *CBM and Gray*, 252 Ark. 610, 480 S.W.2d 339 (1972). This has long been our general rule. *Frazier* v. *McHaney Receiver*, 117 Ark. 394, 178 S.W. 419 (1915). However, there is an equally long recognized exception to the general rule for one pecuniarily affected by a judgment. In *Arkansas State Hwy. Comm'n* v. *Perrin*, 240 Ark. 302, 399 S.W.2d 287 (1966), we wrote: "As far back as 1897, in the case of *Ouachita Baptist College* v. *Scott*, 64 Ark. 349, 42 S.W. 536, the Arkansas Supreme Court recognized the right of those interested, i.e. pecuniarily *affected* to perfect an appeal where action had been taken without notice to the one complaining." *Id.* at 305, 399

S.W.2d at 290. We have not always followed the exception, *see Department of Human Serv.* v. *Crunkleton*, 303 Ark. 21, 791 S.W.2d 704 (1990), but we have never intended to overrule it. Accordingly, because Western Arkansas is pecuniarily affected by the decree, we do not dismiss the appeal, and we hold that the judgement against Western Arkansas is void.

We do not reach the point of appeal dealing with the interpretation of the commitment statutes.

Reversed and remanded for proceedings consistent with this opinion.