ARKANSAS DEPARTMENT OF HUMAN SERVICES *v.*
John STRICKLAND

CA 97-1217                                        970 S.W.2d 311

Court of Appeals of Arkansas
Division IV
Opinion delivered June 17, 1998

*Mary Helen Mitchell,* Office of Chief Counsel, for appellant.

SAM BIRD, Judge. John Strickland, age sixteen, was charged in juvenile court with several counts of residential burglary, criminal trespass, and possession of a handgun. Prior to his court date, his family left Arkansas and moved to the state of Washington. When the juvenile failed to attend his first appearance hearing, a pick-up order was issued for him. He was eventually arrested in Washington and returned to Arkansas. His mother did not come with him.

At a June 2, 1997, detention hearing the juvenile judge held that Strickland was abandoned and ordered him placed in the custody of the Arkansas Department of Human Services (DHS), pending a June 25 adjudication hearing when Strickland's mother was to be in court. DHS's attorney, who happened to be present in the courtroom during the detention hearing, objected, arguing that there was no provision in the law for DHS to take custody of a criminal juvenile whose family lived out of state. The judge ordered DHS to take custody anyway.

On June 25, 1997, Strickland's mother failed to appear. Strickland pled "true" to the charges, was placed on two years probation, and was again ordered to be placed in the custody of

DHS pending further orders of the court. Again, DHS's attorney objected. She argued that Strickland had a felony criminal record and properly belonged in the Division of Youth Services because he did not meet the criteria of Ark. Code Ann. § 9-27-328 (Supp. 1997). The judge said Strickland was abandoned, neglected, or abused, and ordered DHS to take custody of him.

DHS now appeals arguing that the trial court erred in placing custody of Strickland with DHS because (1) such placement is forbidden by Ark. Code Ann. § 9-27-326 (Supp. 1997); (2) no emergency existed under the definition in Ark. Code Ann. § 9-27-314 (Supp. 1997); (3) the juvenile was not dependent/neglected, abused or abandoned; and (4) there were no written findings made prior to the removal of the juvenile from the custody of his mother as required by Ark. Code Ann. § 9-27-328 (Supp. 1997). We do not reach the merits of appellant's arguments because appellant lacks standing to appeal the order of the juvenile court.

██ We find this case to be controlled by *Arkansas Dep't of Human Servs. v. Bailey*, 318 Ark. 374, 885 S.W.2d 677 (1994). In that case DHS had been ordered to pay for treatment of the juvenile at a treatment facility. On appeal brought by DHS, the Arkansas Supreme Court relied upon *Dep't of Human Servs. v. Crunkleton*, 303 Ark. 21, 791 S.W.2d 704 (1990), and *Quattlebaum and CBM, Inc. v. Gray*, 252 Ark. 610, 480 S.W.2d 339 (1972), and dismissed the appeal. It held, "[A]ny relief to which DHS may be entitled must be afforded in the trial court because our general rule is that this court cannot act upon an appeal taken by one not a party to the action below."

██ In the case at bar, just as in *Arkansas Dep't. Of Human Servs. v. Bailey, supra*, DHS's name never appeared in the style of the case until this appeal was filed, and DHS never attempted to intervene or take any other action to become a party to the case. Furthermore, until such time as DHS filed its notice of appeal, this case was styled, "State of Arkansas v. John Strickland," just as is the court reporter's certified transcript of proceedings. In fact, the first and only time that the style of this case appears to have become known as, "Arkansas Department of Human Services v. John Strickland" is on the cover sheet that was created by the clerk

of this court and attached as the front cover of the record when the record was lodged in connection with this appeal.

■ In reaching this conclusion, we have not overlooked *In the Matter of Allen*, 304 Ark. 222, 800 S.W.2d 715 (1990), in which our supreme court noted that the general rule (that it could not act upon an appeal taken by one not a party to the action below) is subject to an exception for a nonparty who is pecuniarily affected by the judgment. However, we find *In the Matter of Allen, supra*, to be distinguishable from the case at bar.

The *Allen* case was an action on a petition for the involuntary commitment of a mentally ill patient. The executive director and the medical director for Western Arkansas Counseling and Guidance Center, Inc. (Western Arkansas), which was not a party to the suit, were called to testify at a commitment hearing. They testified that the patient needed to be hospitalized but that there was no space available for her at the State Hospital. Upon finding that the patient required hospitalization, the trial court, on its own motion, ordered Western Arkansas to pay $10,000 into the registry of the court to be used to pay the expenses for private hospitalization of the patient. Western Arkansas appealed from that order and the supreme court, after first observing that Western Arkansas had not been a party to the action in the trial court, declined to dismiss the appeal because of the "long recognized exception to the general rule for one pecuniarily affected by a judgment." 304 Ark. at 223, 800 S.W.2d at 717.

■ In the case at bar, there is no indication from the record, nor is it argued, that DHS is pecuniarily affected by the order of the trial court placing custody of the juvenile with DHS.

■ If DHS contends that the juvenile court is without jurisdiction to place the juvenile in its custody or has exercised a power not authorized by law, its remedy is to seek relief by way of a collateral attack upon the judgment through a petition for writ of prohibition, *see Juvenile H. v. Crabtree*, 310 Ark. 208, 833 S.W.2d 766 (1992), or a petition for writ of certiorari, *see Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993).

Appeal dismissed.

AREY and ROGERS, JJ., agree.