Shirley McCOY *v.* Nettie MOORE

99-939                                                1 S.W.3d 11

Supreme Court of Arkansas
Opinion delivered October 7, 1999

*Horace Walker*, for appellant.

No response.

P ER CURIAM. Appellant Shirley McCoy filed a motion for rule on the clerk, stating she thought she had thirty days to appeal from a February 23, 1999, order which denied her earlier motion to vacate the trial court's December 28, 1998, order granting appellee Nettie Moore the guardianship of Ethola Maddox. We deny McCoy's motion.

After the trial court entered its December 28 order, McCoy obtained counsel who filed a motion on January 5, 1999, to vacate the December order. The trial court failed to act on McCoy's motion, resulting in the motion being deemed denied on February 4, 1999. McCoy apparently had problems with her attorney and at some point proceeded pro se. Although it had no power to do so, since thirty days had expired since McCoy filed her motion on January 5, the trial court entered an order on February 23, 1999, denying her motion to vacate. Thinking she had thirty days from the February 23, 1999, order from which to file an appeal, McCoy filed her notice of appeal on March 19, 1999. *See* Rule 4 of the Rules of Appellate Procedure—Civil (1999), and Rule 59 of the Rules of Civil Procedure (1999).

The dissenting opinion suggests Rule 4 does not apply because a motion to vacate is not a motion for new trial as is required under Rule 4(b). The dissent is wrong. In *Jackson v. Arkansas Power & Light Co.*, 309 Ark. 572, 832 S.W.2d 224 (1992), Jackson moved to vacate the trial court's judgment as being contrary to the law, public policy, and the evidence. The *Jackson* court held that, because Jackson's motion to vacate was in the nature of a motion for new trial under Rule 59, it was required to be filed within ten days of judgment. Ark. R. Civ. P. 59(b). Jackson failed to do so, and the court held that his untimely filing of his motion to vacate failed to extend the time for filing his notice of appeal under Rule 4(b). Therefore, the court dismissed Jackson's appeal. In the instant case, Shirley McCoy is similarly barred. Although McCoy filed her motion within the required ten days, her mistake was failing to comply with Rule 4(b)(1) by omitting to file her notice of appeal within the thirty-day period after February 4, when her motion was deemed denied.

The dissent also offers the novel argument that McCoy's motion cannot be characterized as a motion for new trial because she was never made a party to this case. The law is settled that a person with a pecuniary interest affected by a trial court's judgment has standing to pursue appellate review of that judgment or order, even though the person was never made a party to the case. *See, e.g., In the Matter of Allen*, 304 Ark. 222, 800 S.W.2d 715 (1990); *In re $3,166,199*, 337 Ark. 74, 987 S.W.2d 663 (1999). Here, McCoy entered her appearance in this case below, because she clearly possessed a pecuniary interest which was undoubtedly affected by the trial court's December 28, 1998, order. However, once again, she simply failed to perfect a timely appeal. Accordingly, McCoy's motion for rule on the clerk must be dismissed.

In sum, Rule 4(c) of the Appellate Procedure—Civil required McCoy to file a notice of appeal within thirty days after her motion to vacate was deemed denied. When she failed to do so, the trial court lost jurisdiction and our court, too, is deprived of jurisdiction for an appeal. *See Arkansas State Highway Comm'n v. Ayres*, 311 Ark. 212, 842 S.W.2d 853 (1992).

BROWN, IMBER, and THORNTON, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. The majority concludes that this court cannot take jurisdiction of Shirley McCoy's appeal, but its reason for doing so is that the deemed-denied provision of Rule 4(b) of the Rules of Appellate Procedure—Civil applies. I disagree and would not expand the deemed-denied principle in this case.

The majority gives no reason why Rule 4(b) applies to these facts, but it is clear that it does not. On December 28, 1998, the probate court entered its order appointing Nettie Moore as guardian of the person and estate of Ethola Maddox. In that order Shirley McCoy was ordered to transfer all of Ethola Maddox's funds in her possession and certain real property to Nettie Moore as guardian and to notify the Social Security Administration of the new guardianship.

On January 5, 1999, Shirley McCoy filed her motion to vacate the guardianship order. In her motion, she stated that she was never a party in the guardianship matter:

> 7. That Shirley McCoy received no service of summons or notice of hearing and was excluded from the courtroom at the hearing of this matter by invocation of the Rule, and was in no way made a party to this matter in order and that the Court did not acquire or have jurisdiction sufficient to make a decision regarding her rights to the real or personal property in question.

She added that she was a necessary party and that her joinder was required. On February 23, 1999, the probate court entered its order which denied the motion to vacate the guardianship. On March 19, 1999, a notice of appeal was filed by Shirley McCoy.

Rule 4(b)(1) only applies to (1) a motion for JNOV under Rule 50(b); (2) a motion for additional findings of fact under Rule 52(b); and (3) a motion for a new trial under Rule 59. Without question, McCoy's motion to vacate is not one for JNOV or for additional findings of fact. That leaves the issue of whether it is a motion for a new trial. Rule 59(a) of the Rules of Civil Procedure begins: "A new trial may be granted to all or any of the *parties* and on all or part of the claim on the application of the *party* aggrieved, for any of the following grounds materially affecting the substantial rights of such *party*. . . ." McCoy was not a party to

the guardianship proceeding and, according to her motion, was not joined as a party or permitted to participate in the hearing. Hence, she is not asking for a new trial as a party who was involved in the first proceeding. Because of this, Rule 59(a) and Appellate Rule 4(b) do not apply, and her notice of appeal was timely.

Not all postjudgment motions are Rule 4(b)(1) motions. *See, e.g., Fuller v. State*, 316 Ark. 341, 872 S.W.2d 54 (1994) (motion for reconsideration not a Rule 4(b)(1) motion which divested this court of jurisdiction). As already indicated, this court has limited the motions to three. Contrary to the assertion in the majority's footnote, this court is obligated to raise matters of subject-matter jurisdiction on its own, even when the precise jurisdictional argument is not made by the appellant. *See Weems v. Garth*, 338 Ark. 437, 993 S.W.2d 926 (1999); *Williams v. Hudson*, 320 Ark. 635, 898 S.W.2d 465 (1995); *Rossi v. Rossi*, 319 Ark. 373, 892 S.W.2d 246 (1995).

The majority's reliance on *In re $3,166,199*, 337 Ark. 74, 987 S.W.2d 663 (1999); *Jackson v. Arkansas Power & Light Co.*, 309 Ark. 572, 832 S.W.2d 224 (1992); and *In Re the Matter of Allen*, 304 Ark. 222, 800 S.W.2d 715 (1990), is misplaced. In *Jackson*, the appellant was the defendant at trial and, thus, clearly a party. Furthermore, his motion was couched in terms of a new trial motion. We correctly treated his motion as one under Ark. R. Civ. P. 59(a). The cases of *In the Matter of Allen, supra*, and *In re $3,166,199, supra*, are also readily distinguishable. Those two cases dealt with *appeals* and not Rule 59 motions for a new trial. To repeat, Rule 59 expressly states that a motion for new trial is filed by *parties*. McCoy was never made a party in this matter and, in fact, was not allowed to participate in the guardianship proceeding.

In my view, this opinion expands the deemed-denied principle beyond the confines and clear terms of Rule 4(b)(1). Accordingly, our Committee on Civil Practice should review our rule in light of this opinion and consider an amendment to the rule.

Because I would accept McCoy's appeal, I respectfully dissent.

IMBER and THORNTON, JJ., join.