ARKANSAS DEMOCRAT-GAZETTE, INC. *v.*
Honorable Ellen B. BRANTLEY, Judge,
George Ferguson, III, *et. al.*

03–1456                                          194 S.W.3d 748

Supreme Court of Arkansas
Opinion delivered October 7, 2004

Williams & Anderson, PLC, by: Philip S. Anderson, Kelly S. Terry, and Beth Deere, for petitioner.

*Mike Beebe,* Att'y Gen., by: *Melanie Winslow Hoover,* Ass't Att'y Gen., for respondent.

B ETTY C. DICKEY, Justice. This case is about copyrights and the appropriation of private property, and the court hereby grants the petition for writ of certiorari of the Arkansas Democrat-Gazette, Inc.

On May 8, 2002, an automobile owned by Oscar and Debra Finkbeiner, and driven by Nicolas Finkbeiner, struck a car driven by Amanda Ferguson. George Ferguson and Jason Jarvis, passengers in Amanda's vehicle, were injured in the accident. The Arkansas Democrat-Gazette, the only daily newspaper with state-wide circulation, sent its award-winning staff photographer, Stephen Thornton, to the accident scene. He took twenty-five photographs of the accident scene, and one was published in the *Arkansas Democrat-Gazette* on May 9. The other twenty-four unpublished images were stored as negatives.

On February 21, 2003, George Ferguson and Jason Jarvis sued Nicholas, Oscar, and Debra Finkbeiner. While the Arkansas Democrat-Gazette was not a party to that lawsuit, the Pulaski County Circuit Court issued a *subpoena duces tecum* on October 16, 2003, ordering Thornton to appear at a deposition and to bring the accident photographs. Samuel Perroni, attorney for Ferguson and Jarvis, assured Thornton that he would pay the reasonable costs associated with the production of the photographs, but Perroni objected when he learned that the fee was $2,425.00. The newspaper's policy provided that photographic prints for litigation would cost $100 per image for unpublished images and $25 for published images, and all unpublished photographs could only be purchased in their entirety, not individually. In the October 29, 2003 motion to quash the *subpoena duces tecum,* the appellant explained this policy: "A request for such photographs is deemed to include all photographs taken at the accident scene at issue in the lawsuit. Purchasers must buy the complete set of such photos. Selected images are not available due to staff time required to sort and meet with prospective buyers to peruse negatives. . . The Democrat-Gazette's charges for unpublished, archived photographs for use in litigation is based on the value of the copyrighted material and the administrative burden of locating, selecting, processing, and delivering the photographic images."

In a hearing on November 10, 2003, Judge Brantley denied the motion to quash, saying:

And I will tell you, Ms. Deere, you have made, by bringing the copyright issue up to make me less certain of my ruling than I was when I came in here. Because I'll be the first to tell you that I do not know a whole lot about copyrights. I have to count on other people to educate me. And I understand that the newspaper does have ... I mean, I can see a variety of ethics that they have, but I guess ... I mean, as I said, I think a hundred dollars a picture is high but I would not say it is unreasonable. And I also don't think it's really unreasonable to say you've got to buy it all because we don't want you over there taking up our time. And I am going to assume that Mr. Perroni would be fast and decisive and wouldn't cause any trouble, but I can understand some people, if you gave them a choice and they were going to pay a hundred dollars a picture and they had twenty-five pictures to look at, they would move into your office and you would never be able to get them out before they were going to do that.

Nonetheless, as I read Rule 45, you all have information relevant to a lawsuit. Pursuant to a subpoena you have to give it and you can only charge the reasonable cost, is my belief, and I don't think ... so, I'm granting the motion. Now, I'll tell you, it's not without doubt in my mind. And I think it is an important issue and if you all want to take an appeal up I don't ... I mean, I'll do whatever I can to facilitate that. But give them the pictures and we'll fight about the money later.

On December 22, 2003, the Democrat-Gazette filed a petition seeking a writ of certiorari with this court, which was the most appropriate means available to them. The right of intervention under Ark. R. Civ. P. 24(a) does not apply. Rule 24(a) provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Ark. R. Civ. P. 24(a) (2004).

In *Reynolds v. Sears,* 327 Ark. 770, 940 S.W.2d 483 (1997), this court said that a non-party may enter into a lawsuit under Rule 24 if he has a "protectable interest in the outcome." *Id.* at 776.

However, in order to intervene under Rule 24(a)(2), the party must prove (1) that he has a recognized interest in the subject matter of the primary litigation, (2) that his interests might be impaired by the disposition of the suit, and (3) that his interest is not adequately represented by existing parties. *Medical Park Hospital v. Bancorpsouth Bank,* 357 Ark. 316, 166 S.W.3d 19 (2004) (citing *Billabong Prods. Inc. v. Orange City Bank,* 278 Ark. 206, 208, 664 S.W.2d 594, 595 (1983)). All three requirements must be satisfied. *Pearson v. First National Bank of DeWitt,* 235 Ark. 127, 924 S.W.2d 460 (1996). When satisfied, the court must allow the party to intervene. *Schact v. Garner,* 281 Ark. 45, 661 S.W.2d 361 (1983).

The subject matter of the underlying litigation is a personal injury suit, *Ferguson v. Finkbeiner.* The Arkansas Democrat-Gazette has no recognized interest in this lawsuit. It merely has pictures that Plaintiff's counsel wishes to obtain for help with his trial. Should the Arkansas Democrat-Gazette have filed a motion to intervene in the lawsuit, the motion would have been denied since they are unable to satisfy the three mandatory elements laid out above, as required by our case law.

Further, permissive intervention under Ark. R. Civ. P. 24(b) does not apply to the facts of this case. Rule 24(b) states in part:

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

Ark. R. Civ. P. 24(b)(2004). Absent a statutory conditional right of intervention, Rule 24(b)(2) only applies where there is a common question of law or fact in the main action. *Id.*

The Arkansas Democrat-Gazette's interest in the lawsuit is in its photos. Notably, the dispute over the photos and the personal injury lawsuit have no relationship. Because there is not a common question of law or fact between the Arkansas Democrat-Gazette's claims and the main action, the Arkansas Democrat-Gazette would not have been allowed to permissively intervene.

Traditionally, in addressing exclusive discovery issues, the court does not grant a non-party's petition for writ of certiorari. For example, in *Lupo v. Lineberger,* 313 Ark. 315, 855 S.W.2d 293

(1993), the court said that a writ of certiorari was not appropriate for a physician, a non-party expert, who was subpoenaed and required to testify in depositions. The court said that under Ark. R. Civ. P. 26(a), a party has an absolute right to take a deposition. Further, at depositions, the deponent has the right to not answer or the right to seek a protective order under Rule 26(c). These options available to the deponent, in return, do not "take away from the trial court's jurisdiction to sit and pass judgment on each one of the issues raised during discovery." *Id.* at 320 (upholding the line of cases that support a trial court's broad discretion to decide discovery issues. *Ballard v. Martin,* 349 Ark. 564, 585, 79 S.W.3d 838, 851 (2002); *Banks v. Jackson,* 312 Ark. 232, 239, 848 S.W.2d 408, 412 (1993)).

In addition, this court has also said that discovery issues are interlocutory and not appealable. *Ford Motor Company v. Harper,* 353 Ark. 328, 331, 107 S.W.3d 168,170 (2003); *Farm Service Co-Op of Fayetteville v. Cummings,* 262 Ark. 810, 814, 561 S.W.2d 317, 319 (1978).

The central question in the cases mentioned above concerns the production of discovery, which is not the problem in this case. In sum, for a fee, the Arkansas Democrat-Gazette is willing to comply with the discovery (production) request. While this case does raise an interesting discovery problem under Rule 45, the crux of this case centers around how federal copyright law interplays with Rule 45. Instead of a mere discovery issue, this case is about the control of the copyrighted photos. Because of the unique copyright issue and potential copyright infringement, a writ of certiorari is appropriate.

Moreover, Ark. R. Civ. P. 60(k) does not provide the Arkansas Democrat-Gazette with a more appropriate procedural path. Rule 60(k) states in part:

> *Independent Action to Set Aside Judgment — Writs Abolished.* A motion under this rule does not affect the finality of a judgment or decree or suspend its operation, except as provided herein. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment who was not actually personally served with process or to set aside a judgment or decree for fraud upon the court.

The annotation to this rule suggests that the purpose of this rule, following the path of the Federal Rules, is to permit a court to entertain an independent action in order to relieve a party from

judgment. *Bankers Mortgage Co. v. United States*, 423 F.2d 73 (C.C.A. 5th Cir. 1970). In *In Re $3,166,199*, 337 Ark. 74, 987 S.W.2d 663 (1999), this court recognized additional ways that a non-party may use to gain standing to seek appellate review other than through Rule 24 intervention and Rule 19 joinder. The first matter is under Rule 60(k), "which provides that an independent action may be filed to relieve a person from judgment who was not actually served with process." *Id.* at 79 (citing *Arkansas Department of Human Service v. Bailey*, 318 Ark. 374, 885 S.W.2d 677 (1994)).

Rule 60(k) does not apply to this action brought by the Arkansas Democrat-Gazette. There was not a judgment entered in this case. Further, should the Arkansas Democrat-Gazette have waited for a judgment, the Arkansas Democrat-Gazette would not be affected by the judgment of the underlying lawsuit. For lack of a better analogy, the Arkansas Democrat-Gazette had no dog in this fight. They simply wish to protect their copyrighted photos. The function of Rule 60(k) is to protect non-parties who have been adversely affected by a judgment. The Arkansas Democrat-Gazette's injury stems solely from the potential copyright infringement.

Finally, the Arkansas Democrat-Gazette may not appeal because of its pecuniary interest, and even if it could, it may still be granted a writ of certiorari. As noted above, this court has recognized two alternative methods, other than Rule 24 intervention and Rule 19 joinder, that a non-party may use to gain standing to seek appellate review. *In Re $3,166,199*, 337 Ark. 74, 987 S.W.2d 663 (1999). The first way, as discussed above, is Rule 60(k). "The other circumstance is the set of facts where any appellant, though not a party, has a pecuniary interest affected by the court's disposition of the matter below." *Id.* at 79.

This court has recognized, in *In the Matter of Allen*, 304 Ark. 222, 800 S.W.2d 715 (1990), this long-standing exception to the general standing rules for one who is pecuniarily affected by a judgment. In *Arkansas State Highway Commission v. Perrin*, 240 Ark. 302, 399 S.W.2d 287 (1966), this court said that there was standing for the non-party to litigation, the Highway Commission, to seek appellate review because it had been pecuniarily affected by a previous judgment without notice. Further, the court said that a party aggrieved by a judgment has a right of appeal, though he is not a party to the record. *Id.* at 306 (citing *Ouachita Baptist College v. Scott*, 64 Ark. 349, 42 S.W. 536 (1897); *Brown v. Frenken*, 87 Ark. 160, 112 S.W. 207 (1908)).

As a result of these cases, the exception to the standing rule for appellate review is applied only where a non-party's pecuniary interest is affected by a judgment. The Arkansas Democrat-Gazette would never be pecuniarily affected by the judgment of the underlying litigation. As stated above, it has absolutely no interest in the underlying litigation. It merely seeks protection for its copyrighted photos. For these reasons, this rule would not apply to the Arkansas Democrat-Gazette. Their only recourse is by petition for writ of certiorari.

In the alternative, this court has granted writs of certiorari despite a non-party's option to appeal post-judgment. *Arkansas Public Defender Commission v. Greene County Circuit Court*, 343 Ark. 49, 32 S.W.3d 470 (2000). In the *Greene County* case, the court did not preclude the petitioner from seeking a writ of certiorari even though petitioner would have a pecuniary interest affected by the circuit court's judgment. Specifically, we noted in *Greene County* that, in addition to seeking a writ, the petitioner also could have appealed as a non-party with a pecuniary interest. As a result, case law has provided a non-party with two alternatives: through writ of certiorari and by appeal as a party with a pecuniary interest in the judgment.

The question, then, is whether Judge Brantley erred and exceeded her authority and committed a plain, manifest, clear, and gross abuse of her discretion by refusing to quash the subpoena. Petitioner Arkansas Democrat-Gazette argues that "Judge Brantley's order is a plain, clear, and gross abuse of discretion because it abrogates the Democrat-Gazette's property rights, i.e. copyrights, by requiring the Democrat-Gazette to create and produce photographic prints for use in a lawsuit to which it is not a party, while prohibiting it from recovering reasonable compensation for the use of its intellectual property." We agree.

It is undisputed that the photographic images are copyrighted works and the Democrat-Gazette owns the copyrights to them. Judge Brantley's order permits plaintiffs in the underlying lawsuit access to the Democrat-Gazette's valuable intellectual property, the photographs, without paying for them.

The owner of a copyright has certain exclusive rights in the copyrighted material. 17 U.S.C.A. § 106, provides:

Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:

(1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivative works based upon the copyrighted work;

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and

(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C.A. § 106.

"This is copyrighted material . . . we're not talking about xeroxing off some stack of documents," Arkansas Democrat-Gazette counsel argues, and this court agrees that requiring the newspaper to give the photographs to Mr. Perroni's clients without paying the Democrat-Gazette's price is an abrogation of its right to sell its copyrighted material.

In *Images Audio Production v. Perini Building Company, Inc.,* 91 F.Supp.2d 1075, (E.D. 2000), the United States District Court of Michigan wrote:

Yet, the Court cannot ignore the important distinction between copyrighted works that happen to capture information that proves relevant to subsequent litigation, and works that are intended to capture such information, specifically for the purpose of litigation. In the latter case, where judicial proceedings are one of the intended markets, the copyright holder is entitled to exercise control over the use of his works within this market; the fair use doctrine does not

require the wholesale abandonment of copyright protection at the courthouse door. Because it does not, it is irrelevant whether Plaintiff demanded an excessive price for additional copies of its photos, or whether it could have been more reasonable in permitting reproduction in color photocopies rather than photographic reprints. As a copyright holder, Plaintiff generally was under no obligation to be reasonable. Rather, beyond establishing the contours of the rights conferred, copyright law leaves such considerations of "reasonableness" to be governed by traditional market principles.

*Images Audio Production,* 91 F.Supp.2d at 1086-1087.

While *Images Audio Production* involves the "fair use doctrine," the principles discussed are applicable to this case. Arkansas Rule of Civil Procedure 45(b) reads:

> (b) For Production of Documentary Evidence. A subpoena issued pursuant to subdivision (d), (e), or (f) of this rule may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein; but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable or oppressive or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents or tangible things.

Rule 45 does not mention the fair use doctrine, only reasonable cost; however, Rule 45 can still be read in harmony with copyright law. As a holder of a copyright, the Democrat-Gazette is granted certain exclusive rights, including the right to sell copyrighted material. Judge Brantley was without authority to require the Arkansas Democrat-Gazette to give Mr. Perroni's clients the photographs or to adjust its pricing policy. She did not consider copyright protection in her ruling, only the reasonableness of the pricing policy. After stating, "And I will tell you, Ms. Deere, you have made, by bringing the copyright issue up to make me less certain of my ruling than I was when I came in here," Judge Brantley ruled, "Nonetheless, as I read Rule 45, you all have information relevant to a lawsuit. Pursuant to a subpoena you have to give it and you can only charge the reasonable cost . . ."

Barry Arthur, the Assistant Managing Editor for Photos and Electronic Media, testified that retrieving unpublished images

involves considerably more effort than reprinting an image that has already been published. Arthur also testified that "the newspaper is staffed at the level necessary to cover the news efficiently and effectively, and that any added duties, such as sitting at a computer terminal or light table with attorneys . . . would impede the newspaper's ability to perform its primary function of gathering news."

A California district court held that a "non-party to the litigation established that responding to discovery requests would involve substantial personnel hours which might otherwise be devoted to profitable use. Thus, the court held that the non-party was entitled to compensation." *Compaq Computer Corp. v. Packard Bell Electronics, Inc.,* 163 F.R.D. 329 (N.D. Cal. 1995). However, *Compaq Computers* goes on to state that non-parties "should not be forced to subsidize an unreasonable share of costs of litigation," and that the company "is entitled to be compensated at a reasonable hourly rate for its employees' . . . time in searching for, reviewing for privileged material and producing responsive documents. . ."

In *The Grand Forks Herald v. The District Court in and for Grand Forks County,* 322 N.W.2d 850 (N.D. 1982), a plaintiff brought a civil action to determine the liability from an automobile accident and sought to compel disclosure of unpublished photographs of the accident scene taken by a staff photographer for *The Grand Forks Herald,* a non-party to the litigation. In that case, the court held that the trial court did not abuse its discretion in ruling that the newspaper turn over the photographs. However, there the photos were the only available means to discover whether the plaintiff was negligent, and, *The Grand Forks Herald* refused to make its unpublished photographic images available at any prices. Here, the Arkansas Democrat-Gazette has an established policy for the sale of photographs, and the underlying plaintiffs made no showing of need for the photographs to prove negligence.

■ The Arkansas Democrat-Gazette has a pricing policy regarding published and unpublished photographs, and Judge Brantley found that neither the price nor the complete-set requirement was unreasonable. Because her decision was based solely on Rule 45, rather than compatibility with relevant copyright law, this court grants the Arkansas Democrat-Gazette's petition for writ of certiorari.

GLAZE, J., dissents.

Tom Glaze, Justice, dissenting. Over a decade ago, this court clarified Arkansas law regarding whether the extraordinary writs of prohibition or certiorari could lie in discovery matters. This court said "no" in the case of *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (court held the writ of certiorari would not lie to prevent the trial court's order to require a nonparty physician, Dr. Lupo, to testify by deposition as an expert witness in a suit filed against another physician). Our court has steadfastly adhered to its holding in *Lupo* since 1993. The majority court's decision will be difficult to explain when this court is again asked to issue a writ of certiorari in a discovery matter. The bright-line rule set out in *Lupo* is no longer clear.

In the case of *Conner v. Simes*, 355 Ark. 422, 139 S.W.3d 476 (2003), our court reviewed its cases pertaining to writs of certiorari and explained why this court has held such writs do not lie in discovery issues.[1] The court in *Conner* reiterated the standards for determining the propriety of a writ of certiorari as follows:

> A writ of certiorari is extraordinary relief, and we will grant it *only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record.* In determining its application, *we will not look beyond the face of the record* to ascertain the actual merits of a controversy, or *to control discretion, or to review a finding of fact, or to reverse a trial court's discretionary authority.* A writ of certiorari lies only where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, and there is no other adequate remedy.

(Emphasis added.)

In the present case, the plaintiffs sued the defendants, alleging the defendants' negligence caused (1) the collision between their two vehicles, and (2) the injuries the plaintiffs sustained. Plaintiffs sought discovery by subpoenaing the *Arkansas Democrat-*

---

[1] The majority opinion reads that, while this case raises an interesting discovery problem under Rule 45, it is not merely a discovery issue because of the unique copyright the *Democrat-Gazette* owns in its news photographs that the newspaper stores. However, this unquestionably involves a discovery matter, commenced by the plaintiffs seeking photo evidence of the scene of the parties' accident. In short, the issue raised by the *Democrat-Gazette* is all about money: Can the newspaper charge a fee for its photographs that will include its copyright costs?

*Gazette's* news photographer, Stephen Thornton, to bring to a deposition the twenty-five photos Thornton had taken of the aftermath of the scene of the parties' accident. Neither Thornton nor the *Democrat-Gazette* was a party to the lawsuit. Plaintiffs' counsel offered to pay a reasonable fee for the production of the photos, but, when Thornton said the fee would be $2,425.00, plaintiffs' counsel objected. The newspaper then moved to quash the subpoena, which the trial judge denied. The judge directed the newspaper and Thornton to provide plaintiffs the photos, and concluded by saying, "We will fight about the money later."

The situation now before us is most similar to *Lupo*. In *Lupo*, the plaintiffs had filed suit against defendants, and in preparation for trial, plaintiffs' counsel subpoenaed Dr. Lupo, who was not a party to the lawsuit. In fact, Lupo was an involuntary expert witness who subsequently filed a petition for a writ of certiorari from our court to prevent the trial court from ordering him to testify at any deposition. The *Lupo* court denied certiorari, stating that, under Ark. R. Civ. P. 26(a), a party has an absolute right to take a deposition and if the deponent is asked questions that are inappropriate or unreasonable, he has a right to refuse to answer the questions and request a protective order. In addition, under Rule 26(c), upon motion by a party *or by the person from whom discovery is sought*, and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party *or person* from annoyance, embarrassment, oppression, *or undue burden or expense.* (Emphasis added.) While our general rule is that this court cannot act upon an appeal taken by one not a party to the action below, there is an equally long-recognized exception to the general rule for one pecuniarily affected by a judgment. *See In the Matter of Cindy Lee Allen*, 304 Ark. 222, 800 S.W.2d 715 (1990). It is clear that, while the *Democrat-Gazette* and Thornton may not be entitled to an interlocutory appeal, unless the trial court grants an appeal under Rule 54(b), they may appeal at the end of the trial when the trial court enters a final judgment and order in the case.

Here, though the *Democrat-Gazette* and Thornton did not request a protective order, the trial judge made it clear that she would consider the reasonable fee issue later. Clearly, the trial court has the authority to protect the newspaper's and Thornton's interests, and, at the same time, permit the plaintiffs to have the necessary photos to help plaintiffs make their case against the defendants. For example, the trial judge could require a sufficient

amount be placed in the registry of the court to cover all contingencies; when the trial judge later determines a reasonable fee amount, the amount necessary to cover the costs in reproducing the required photos will be available. If the *Democrat-Gazette* disagreed with the trial court, the newspaper could clearly appeal the trial court's ruling at the trial's end.

Everyone agrees that the *Democrat-Gazette* is not seeking to withhold the photographs from the plaintiffs, but, instead, it merely seeks to include the value of its copyright when figuring the fee amount for its photos. The trial judge plainly has the discretion to determine what a reasonable fee would be in this case. Certiorari is not available when (1) there is another adequate remedy, such as an appeal, and (2) the challenged decision is one within the discretion of the trial court. *See Manila School Dist. No. 15 v. Wagner*, 357 Ark. 20, 159 S.W.3d 285 (2004).

For the reasons above, I would deny certiorari.