Kathy DUNKIN *v.* CITIZENS BANK OF JONESBORO,
Administrator of the Estate of Everett Ercell DUNKIN,
Deceased

86-225                                                      727 S.W.2d 138

Supreme Court of Arkansas
Opinion delivered April 6, 1987

*Michael Everett*, and *Barrett, Wheatley, Smith & Deacon*, by: *Paul D. McNeill*, for appellant.

*Lohnes T. Tiner*, and *Chet Dunlap*, for appellee.

JACK HOLT, JR., Chief Justice. At issue in this appeal is the obligation of a defendant in a wrongful death case to respond to interrogatories or to assert properly her objection on the basis that her responses might be self-incriminating. The trial court ordered the defendant, who is the appellant here, to respond, and, when she refused he struck her answer in which she had pled self-defense. This appeal is from the order striking the answer. We affirm.

The appellant, Kathy (Cooper) Dunkin, married Everett Ercell Dunkin on August 23, 1984. Seventeen days later they separated and on September 15, 1984, Mr. Dunkin was shot and killed at Mrs. Dunkin's house in Trumann, Arkansas. The administrator of Mr. Dunkin's estate, the appellee, brought this action alleging Mrs. Dunkin negligently shot and killed Mr. Dunkin and seeking $320,000 in damages. Mrs. Dunkin in her formal answer denied that she was negligent but admitted that she shot and killed Mr. Dunkin and stated that he was killed "in defense of her own person and that of her brother, Archie Dale

Cooper."

The administrator propounded twenty-one interrogatories to Mrs. Dunkin on October 9, 1985. No action was taken and on January 31, 1986, the administrator filed a motion to compel answers. On March 6, 1986, some 148 days after they were submitted, Mrs. Dunkin answered three of the interrogatories and refused to answer the rest, asserting her fifth amendment constitutional right against self-incrimination. The administrator filed a second motion to compel answers or, in the alternative, to strike Mrs. Dunkin's answer to the complaint. A hearing was held April 25, 1986. Mrs. Dunkin and her attorney did not appear and the court found that she should not be compelled to answer interrogatories four and five, but ordered her to answer the rest within twenty days. When Mrs. Dunkin still did not answer, the administrator filed a motion seeking sanctions. The court granted the motion, striking Mrs. Dunkin's answer. The court denied a subsequent motion by Mrs. Dunkin to reconsider its previous orders.

On appeal, Mrs. Dunkin maintains the trial court erred in ordering her to answer incriminating interrogatories in violation of her fifth amendment privilege against self-incrimination, and that the order striking her answer was too severe of a sanction.

Authority for the trial court's action can be found in our rules of civil procedure. Arkansas R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the issues in the pending actions, . . ." Ark. R. Civ. P. 37(d) states that if a party fails to serve answers or objections to interrogatories "the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule." Rule 37(b)(2)(C) then permits the court to enter an order "striking out pleadings or parts thereof."

A party claiming a privilege to refuse to answer interrogatories may obtain a protective order under Rule 26(c), which would protect the party from discovery or from inquiry into certain matters. Rule 37(d) states that the failure to serve answers or objections to interrogatories "*may not be excused* on the ground that the discovery sought is objectionable *unless the*

*party failing to act has applied for a protective order* as provided in Rule 26(c)." (emphasis added).

█ Mrs. Dunkin bases her failure to answer the interrogatories on her assertion of the privilege against self-incrimination. The privilege applies alike to civil and criminal proceedings, whenever the answer might tend to subject the party giving it to criminal responsibility. *Campbell* v. *Gerrans*, 592 F.2d 1054 (9th Cir. 1979), *quoting McCarthy* v. *Arndstein*, 266 U.S. 34, 40 (1924). While parties may not obtain discovery under Rule 26(b)(1) regarding privileged matters, a privilege is only safeguarded if the proper procedures are followed in a timely fashion.

█ Other courts, too, have shown concern for the time and manner in which the assertion of the privilege is made during the discovery process. Wolfson, *Civil Discovery & the Privilege Against Self-Incrimination*, 15 Pac. L.J. 785, 793 (1984). "Assertion of the privilege can preclude an opposing party from obtaining relevant and critical discovery. The courts, therefore, have insisted that the privilege be validly taken, asserted in a timely manner, and limited to information that clearly falls within its ambit." *Id.* Failure to object to a discovery request within the time fixed by the applicable discovery rule acts as a waiver of all available objections, even if the objection is that the information sought is privileged. *Id.* at 795. "The automatic waiver provisions that exist in conjunction with a number of the discovery rules, including interrogatories, . . . make imperative the assertion of the privilege on a timely basis. Silence will cost the litigant all right to assert his privilege against self-incrimination in response to such discovery," *Id.*

The trial court applied the plain language of our discovery rule, Rule 37(d), finding that Mrs. Dunkin may not now be excused from answering the interrogatories, with which we agree.

█ We affirm the court, not only because of the timing of the assertion of the privilege, but because of the manner in which it was raised. As the U.S. District Court in New York has held, claims by a party of the privilege against self-incrimination are not to be accepted at face value. *Camelot Group, LTD.* v. *W.A. Krueger Co.*, 486 F. Supp. 1221 (S.D.N.Y. 1980). The New York court explained:

Thus, a claimant of the privilege is not immunized from answering a question upon his mere declaration that it would tend to incriminate him—"his say-so does not of itself establish the hazard of incrimination." The determination whether the privilege is well-founded is to be made by the court based upon all of the circumstances of the case and the judge, in assessing the claim, "must be governed as much by his personal perceptions of the peculiarities of the case as by the facts actually in evidence." . . . Moreover, the burden of establishing a foundation for the assertion of the privilege lies with the party making it.

*Id.*, at 1224.

To place proper limitations on assertion of the privilege, courts have required the party asserting it "to make a particularized showing of the potentially incriminating nature of *each question asked or document sought* . . . [and] [b]lanket refusals to answer questions . . . in response to a valid discovery request are insufficient to relieve a party of the duty to respond to *each* question asked. . . ." (emphasis in original) Wolfson, *supra.*

Here, Mrs. Dunkin answered three interrogatories and then stated: "I refuse to answer any further interrogatories. I do so by exercising my constitutional right to remain silent because the answer may incriminate me."

She and her attorney failed to attend the hearing on the administrator's motion to compel answers. Such a "blanket refusal" to answer coupled with a lack of any "particularized showing of the potentially incriminating nature of each question" are not sufficient to meet Mrs. Dunkin's burden of establishing a foundation for the assertion of the privilege. In her motion to reconsider the court's previous order, filed June 13, 1986, Mrs. Dunkin stated that she had no notice that there were any allegations that the interrogatories were *not* incriminating or that the court might even consider the fact that the answers might not be incriminating. Mrs. Dunkin sought permission to belatedly present evidence to the court of the incriminating nature of those statements. Mrs. Dunkin's motion indicates that she was not aware of the burden of proof on a party claiming a fifth amendment privilege in a discovery procedure. We remind the parties that ignorance of the law has never served as a good reason

or an excuse for a failure to present proof to the trial court.

Accordingly, the judgment of the trial court is affirmed.