R.J. CHIODINI *v.* David LOCK

07-969                                      281 S.W.3d 728

Supreme Court of Arkansas
Opinion delivered April 3, 2008

R.J. Chiodini, pro se.

No response.

TOM GLAZE, Justice. The court of appeals certified this appeal to our court in order to address the writ of certiorari that is sought by appellant Rodrick Chiodini. *See* Ark. Sup Ct. R. 1-2(a)(3).

The underlying lawsuit in this case began when Chiodini filed a pro se complaint in the Stone County Circuit Court against appellee David Lock, alleging that Lock had trespassed on Chiodini's property by building a fence that encroached on Chiodini's land. Chiodini's complaint was accompanied by a request for admissions and a set of interrogatories. Lock filed a timely answer on January 20, 2006. Lock also later provided his responses to Chiodini's requests for admissions and interrogatories, but the responses were unsigned by either Lock or his attorney. Dissatis-

fied with Lock's responses, Chiodini began to file repeated motions seeking "more responsive answers" to his discovery requests. Eventually, he asked the trial court to deem admitted his requests for admission; however, the circuit court denied his request.

Chiodini kept up his demands for answers to his discovery requests throughout 2006, complaining, among other things, that Lock's responses were disorganized, unsigned, and untimely. In June of 2006, the circuit court held a hearing on Chiodini's many motions and ultimately denied Chiodini's request to have his requests for admission deemed admitted. In July 2006, the court rejected Chiodini's motion for reconsideration of that ruling; the court further entered an order granting Lock's request to prohibit Chiodini from seeking further discovery.

On August 2, 2006, Chiodini filed a "motion for an order prohibiting defendant's entry on disputed land." In this motion, Chiodini alleged that Lock had been entering the disputed property, and he asked the court to "issue an order (*pendente-lite*) [p]rohibiting [Lock] . . . from entering upon or performing any activity south of the fence line . . . that exists between defendant's and plaintiff's property, without written consent from the plaintiff." Lock responded on August 10, 2006, generally denying the allegations in Chiodini's motion and denying that Chiodini was entitled to relief.

In September of 2006, Judge Tim Weaver, who had originally been assigned the case, recused, and Judge Stephen Choate subsequently acquired the case. On October 12, 2006, Chiodini filed a motion for rehearing of Judge Weaver's decisions. After a hearing in May 2007, the court sent a letter opinion to the parties. In that letter, the court found that Judge Weaver had found that Lock's answers to Chiodini's requests for admission were not deficient, and that there was nothing there for the court to rule on. The court also found that Judge Weaver had "effectively dismiss[ed]" Chiodini's complaints concerning Lock's answers to interrogatories. The court further noted that Judge Weaver had granted Lock's motion for a protective order and prohibited any additional discovery. Next, the court stated that it "did not see the necessity to have hearings on the motions to prohibit [Lock's] entry on the disputed land or for appointment of a neutral master. I believe a trial will cure these two motions. Therefore, both motions filed on August 2, 2006, are denied."

On August 20, 2007, the trial court entered a series of orders reiterating the findings made in its letter. In the first, it specifically

adopted Judge Weaver's oral decisions from the bench regarding Chiodini's June 20, 2006 and July 12, 2006 motions. The court noted that Judge Weaver had ruled on these motions from the bench, but had not reduced his findings to written orders because he recused from the case prior to doing so. The court also entered orders specifically denying Chiodini's requests regarding Lock's discovery responses, finding the responses were adequate and Chiodini's motion to deem admitted would be denied. In addition, the court denied Chiodini's motion for a hearing on his "motion for order prohibiting defendant's entry on disputed lands." Finally, the court rejected Chiodini's request for a certification pursuant to Ark. R. Civ. P. 54(b), finding that such certification would be inappropriate.

Chiodini filed a notice of appeal on August 20, 2007. His notice declared his intent not only to appeal from the court's refusal to hear his motion for a restraining order *pendente-lite*, but also to seek a writ of certiorari or prohibition due to the "abuse of discretion wherein the circuit court has exceeded its authority in law, thereby creating proceedings that are illegal."

In his first point on appeal, Chiodini takes issue with the trial court's denial of his request to hold a hearing on his August 2, 2006 "motion for an order prohibiting defendant's entry on disputed land." In his brief, he calls this motion a "motion for restraining order *pendente-lite*." On appeal, he argues that it was "a clear error of law for the circuit court to refuse to even consider Chiodini's motion and give him an opportunity to produce evidence to meet the required burden of proof for a preliminary injunction." He goes on to assert that, if he were to prevail at trial, the court's "affirmative act of refusing to grant [him] a hearing would be a denial of [his] present right to ask that the status quo be preserved, pending a judgment that would eventually be entered in his favor." He asks this court to "reverse the circuit court's ruling and authorize Chiodini to pursue his motion for injunctive relief."

To the extent that Chiodini appeals from the trial court's ruling that denied a hearing on his motion for injunctive relief, such an order is not appealable under Ark. R. App. P.–Civ. 2(a). Under Rule 2(a)(6), an appeal may only be taken from "[a]n interlocutory order *by which an injunction is granted, continued, modified, refused, or dissolved,* or by which an application to dissolve or

modify an injunction is refused." (Emphasis added.) An order denying a hearing, even on a motion for injunctive relief, is not appealable.

Moreover, even if we should consider Chiodini's appeal to be from the denial of his request for injunctive relief, there is no merit to his claims. The issuance of a preliminary injunction is a matter addressed to the sound discretion of the trial court, and we will not reverse absent an abuse of that discretion. *See Manila Sch. Dist. No. 15 v. Wagner*, 356 Ark. 149, 148 S.W.3d 244 (2004); *Custom Microsystems, Inc. v. Blake*, 344 Ark. 536, 42 S.W.3d 453 (2001). In determining whether to issue a preliminary injunction, two factors must be considered: (1) whether irreparable harm will result in the absence of an injunction, and (2) whether the moving party has demonstrated a likelihood of success on the merits. *Wagner, supra.*

Nowhere in his motion before the trial court did Chiodini address either of these two prerequisites to obtaining injunctive relief. In addition, Chiodini's brief before this court makes no mention of either factor, nor does he cite any authority in support of his argument that the trial court should have granted his request for a restraining order.[1] This court has repeatedly held that it will not consider assertions of error that are unsupported by convincing legal authority or argument, unless it is apparent without further research that the argument is well taken. *See Hanks v. Sneed*, 366 Ark. 371, 235 S.W.3d 883 (2006); *Pilcher v. Suttle Equip. Co.*, 365 Ark. 1, 223 S.W.3d 789 (2006).

Moreover, this court has never wavered in its requirement that the movant for a preliminary injunction prove that there is a likelihood that the movant will succeed on the merits. *See Custom Microsystems v. Blake, supra*. Because Chiodini has not even so much as suggested — either below or in this court — that he will likely prevail upon the merits, it simply cannot be said that the circuit court abused its discretion in denying his request for injunctive relief.

In his second point, Chiodini "claims by writ of certiorari that the trial court substantially misapplied law and rule" when it

---

[1] Chiodini does cite *Comer v. Woods*, 210 Ark. 351, 195 S.W.2d 542 (1946), but he does so only for the proposition that the purpose of an injunction is to afford preventive relief and to maintain the status quo.

interpreted Ark. R. Civ. P. 36 in ruling on his discovery requests. A writ of certiorari is appropriate when, on the face of the record, it is apparent that no other remedy is available to correct a plain, manifest, and gross abuse of discretion by the trial judge. *See, e.g., Ark. Dep't of Human Servs. v. Circuit Court of Sebastian County*, 363 Ark. 389, 214 S.W.3d 856 (2005); *Lackey v. Bramblett*, 355 Ark. 414, 139 S.W.3d 467 (2003). This court has specifically stated that "a writ of certiorari is extraordinary relief, and we will grant it only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record." *Ark. Dep't of Human Servs. v. Collier*, 351 Ark. 506, 516, 95 S.W.3d 772, 777 (2003).

In addition, this court has recognized that certiorari is not an appropriate remedy to use to reverse a trial court's discretionary authority. *Collier, supra; see also Juvenile H. v. Crabtree*, 310 Ark. 208, 833 S.W.2d 766 (1992). Certiorari is appropriate where a party claims that a lower court *did not have jurisdiction* to hear a claim. *Kraemer v. Patterson*, 342 Ark. 481, 29 S.W.3d 684 (2000) (emphasis added).

Our court has clearly held that a discovery order is not the proper subject for an extraordinary writ because the trial court's jurisdiction allows it to decide such discovery issues. *See Ford Motor Co. v. Harper*, 353 Ark. 328, 107 S.W.3d 168 (2003) (Glaze, J., concurring) (citing *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993)). In *Ballard v. Martin*, 349 Ark. 54, 79 S.W.3d 838 (2002), this court noted that a trial court has broad discretion in matters pertaining to discovery, and the exercise of that discretion will not be reversed by this court absent an abuse of discretion that is prejudicial to the appealing party.

A writ of certiorari is extraordinary relief. In determining its application we will not look beyond the face of the record to ascertain the actual merits of a controversy, or *to control discretion*, or to review a finding of fact, *or to reverse a trial court's discretionary authority. Jordan v. Circuit Court of Lee County*, 366 Ark. 326, 235 S.W.3d 487 (2006) (emphasis added). Because a trial court's discovery ruling is a matter well within the court's jurisdiction *and* discretion, a writ of certiorari will not lie to correct any perceived error in the court's ruling.

The cases cited by Chiodini deal only with this court's interpretation of the discovery rules. He offers no authority that

would support his claim that a writ of certiorari is in any way the appropriate remedy for the trial court's alleged errors. This court has further held that discovery matters are not amenable to interlocutory review. *See Ark. Democrat-Gazette, Inc. v. Brantley,* 359 Ark. 75, 194 S.W.3d 748 (2004); *Ford Motor Co. v. Harper, supra; Farm Service Co-Op of Fayetteville v. Cummings,* 262 Ark. 810, 561 S.W.2d 317 (1978). Although Chiodini concedes that discovery issues are not subject to appeal, he nonetheless suggests that this is "not a typical interlocutory discovery issue." Instead, he argues, the trial court's "clear misapplication of law and rule appear to be a consistent, broad-based, systemic threshold policy of the Sixteenth Judicial Circuit when considering application of Rule 36 to all cases within that Circuit." However, he still cites no authority that would compel a conclusion that a writ of certiorari would be an appropriate remedy in these circumstances. Accordingly, we reject his contentions.

In his final point, Chiodini asks this court to "correct a wholesale catalogue of gross abuses of discretion and legal error . . . that, if not now addressed, will inevitably require an appeal," and he contends that certiorari should be granted to address a litany of complaints. For example, he contends that it was "error and an abuse of discretion" for the trial court to: 1) rule that Lock's non-compliance with Rule 34 was moot; 2) refuse to deem admitted Lock's response to Chiodini's first request for admissions; 3) rule that an unsigned, and undated, response to Chiodini's first request for admissions was timely, or that there existed excusable neglect for filing a late response; 4) rely on a non-existent prior bench decision as sole authority for his decision; 5) rule that Lock was not required to verify his answers to interrogatories; 6) rule that Lock's responses to Chiodini's second interrogatories were complete, and in compliance with the rule; 7) adopt a previous court's bench decisions and enter those decisions as orders; and 8) sanction Chiodini by prohibiting further discovery.

Again, certiorari is clearly not the appropriate remedy to address these concerns. As Chiodini recognizes, each of these issues could be appealed. Certiorari will only lie when there is no other adequate remedy, such as an appeal, available. *See, e.g., Ark. Game & Fish Comm'n v. Herndon,* 365 Ark. 180, 226 S.W.3d 776 (2006). In addition, as discussed above, discovery issues are matters in which the trial court is vested with discretion, and certiorari will not lie to control a trial court's discretion. *See Jordan v. Circuit Court*

*of Lee County, supra.* Accordingly, we conclude that Chiodini's petition for writ of certiorari is without merit, and the writ is therefore denied.