COOPER TIRE & RUBBER CO., Petitioner

v.

PHILLIPS COUNTY CIRCUIT COURT, Respondent.

No. 10–1074.

Supreme Court of Arkansas.

April 28, 2011.

Williams & Anderson PLC, Little Rock, by: Philip S. Anderson, Jess Askew III, and Andrew King, for petitioner.

Dustin McDaniel, Att'y Gen., by: Colin R. Jorgensen, Ass't Att'y Gen., for respondent.

David A. Hodges, Little Rock; Allen Law Firm, Little Rock, by: Phillip Allen; Wilson Law Firm, P.A., Helena, by: E. Dion Wilson; and Merkel & Cocke, by: Ted P. Connell, Jr., for real parties in interest.

Brian G. Brooks, Attorney at Law, PLLC, by: Brian G. Brooks, for amicus curiae Arkansas Trial Lawyers Association.

Quattlebaum, Grooms, Tull & Burrow PLLC, Little Rock, by: Steven W. Quattlebaum, E.B. Chiles IV, and Everett C. Tucker IV; and Hugh F. Young, Jr., for amicus curiae The Product Liability Advisory Council, Inc.

JIM GUNTER, Justice.

In a pending negligence case in Phillips County, the circuit court entered an order compelling Petitioner Cooper Tire & Rubber Co. to fully and completely respond to discovery requests made by plaintiffs[1] (hereinafter referred to as "Tucker Plaintiffs") and denying petitioner's two motions for protective order on the basis that it waived any objection to discovery. Petitioner asks this court alternatively for a writ of certiorari, writ of mandamus, writ of prohibition, or other supervisory writ. Because petitioner seeks extraordinary relief, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(3). We grant petitioner a writ of certiorari.

The underlying litigation in this case involves a complaint filed by the Tucker Plaintiffs alleging that a one-car accident that occurred on February 6, 2009, was

---

1. Plaintiffs, the real parties in interest to this appeal, are Lee Andrew Tucker, as the Administrator of the Estate of Mary Tucker, deceased; Lee Andrew Tucker, Individually; Lee Andrew Tucker, as next kin of Lee Andrew Tucker, Jr., a minor; and Nadine Coleman, as the Administratrix of the Estate of Olivia Coleman, deceased.

caused by a defective tire manufactured by petitioner. On May 26, 2010, petitioner filed a Motion for Protective Order Limiting Number of Rule 34 Requests to Prevent Excessive and Unduly Burdensome Discovery. Attached to that motion were four sets of requests for production of documents propounded by the Tucker Plaintiffs between April 26, 2010, and May 5, 2010, totaling 467 requests for production in a little over a week. In its Sixth Request for Production, which the Tucker Plaintiffs mailed on April 30, they specifically requested "[a]ll protected or trade secret materials provided in response to request to produce, answers to interrogatories, or protected deposition" from four other cases involving petitioner. In its protective-order motion, petitioner maintained that it had previously responded to fifty-eight individual requests for production from the Tucker Plaintiffs, produced more than 5000 pages of documents, and that many of the documents now requested were objectionable in scope because they were irrelevant. Petitioner maintained that the amount of time and expense to simply respond to the Tucker Plaintiffs' requests would be overly burdensome, not including the extreme cost and burden of a more thorough review of the documents to determine if they contained protected information, such as trade secrets or confidential business information. Petitioner noted in its motion that it was serving on the Tucker Plaintiffs an Initial Response and Objections to the New Requests. Petitioner asked the circuit court to set reasonable limitations on the scope of written discovery, specifically suggesting that no party be allowed to make more than seventy requests for production in the case. Alternatively, petitioner asked that the Tucker Plaintiffs reimburse petitioner for the cost of providing the requested documents because of the substantial expense petitioner would incur in legal fees to review those documents and copy charges to provide them. Petitioner noted that it had sent a good-faith letter to the Tucker Plaintiffs' attorney in an attempt to agree to a reasonable compromise but that opposing counsel's response was that he was "not in a position to do that."

On June 11, 2010, the Tucker Plaintiffs filed a Motion to Compel and Response to Defendant Cooper Tire & Rubber Company's Motion for Protective Order and Its Initial Response and Objections to Plaintiffs' Requests for Production. The Tucker Plaintiffs addressed each of petitioner's objections to discovery, arguing that their requests were not excessive or overly burdensome; that their requests were relevant to the case; and that, although petitioner objected on the basis that many of the requests would include documents containing trade secrets or otherwise confidential information not discoverable without an appropriate protective order, petitioner had not established that proprietary material was contained within the requested documents.

Thereafter, on June 21, 2010, petitioner filed a reply to the Tucker Plaintiffs' response to petitioner's protective-order motion, attaching three additional sets of requests for production received by the Tucker Plaintiffs between May 25, 2010, and June 2, 2010. On June 30, 2010, petitioner filed a response to the motion to compel, asserting that the Tucker Plaintiffs' motion should not be considered until the protective-order motion was addressed, that the Tucker Plaintiffs had not conferred in good faith to resolve the discovery issues, and that the Tucker Plaintiffs had never responded to a ten-month-old offer to enter a protective order to allow for production of confidential documents. Attached to that motion as an exhibit was a letter dated August 20, 2009, from petitioner's attorney to the Tucker

Plaintiffs' attorney regarding a proposed protective order to protect any confidential information or trade secrets that petitioner might be required to produce in discovery.

On August 31, 2010, petitioner filed a second Motion for Entry of a Protective Order on the basis that many of the documents that the Tucker Plaintiffs requested contained protected trade secrets. Petitioner noted in the motion that it had raised the issue of a protective order as early as August 2009 with the Tucker Plaintiffs but that it never received any response on the issue until the Tucker Plaintiffs filed their motion to compel. On September 14, 2010, the Tucker Plaintiffs filed a Response to Cooper's Motion for Protective Order, arguing that petitioner failed to establish that a protective order was necessary to protect confidential information or trade secrets. Attached to the response was petitioner's initial response and objections to the Tucker Plaintiffs' seven sets of discovery requested between April 26, 2010, and June 2, 2010. In that initial response and objections, petitioner objected to the 467 additional individual requests made by the Tucker Plaintiffs on the basis that the requests were overly burdensome, excessive, and required the disclosure of proprietary or otherwise confidential information without the benefit of a protective order.

A hearing was held before the circuit court on September 20, 2010, where the parties argued their various positions with regard to the discovery issues. Thereafter, the circuit court entered an order (1) denying both of petitioner's motions for protective order because petitioner failed to preserve its objections to the Tucker Plaintiffs' discovery requests, citing *Dunkin v. Citizens Bank of Jonesboro*, 291 Ark. 588, 727 S.W.2d 138 (1987), as authority; and (2) granting the Tucker Plaintiffs' motion to compel on the same ground.

Although petitioner requests several alternative forms of extraordinary relief from this court, we are convinced that a writ of certiorari is the appropriate vehicle. The standard for granting a writ of certiorari is well settled in Arkansas. A writ of certiorari is extraordinary relief, and there are two requirements that must be satisfied in order for this court to grant the writ. *Baptist Health v. Circuit Court of Pulaski County*, 373 Ark. 455, 284 S.W.3d 499 (2008). The first requirement is that there can be no other adequate remedy but for the writ of certiorari. *Id.* Second, a writ of certiorari lies only where (1) it is apparent on the face of the record that there has been a plain, manifest, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *See Jordan v. Circuit Court of Lee County*, 366 Ark. 326, 331, 235 S.W.3d 487, 491 (2006) (citing *Ark. Game & Fish Comm'n v. Herndon*, 365 Ark. 180, 226 S.W.3d 776 (2006)). In addition, this court has held that, in determining the applicability of the writ, we will not look beyond the face of the record to ascertain the actual merits of a controversy, or to control discretion, or to review a finding of fact, or to reverse a trial court's discretionary authority. *Jordan*, 366 Ark. at 331, 235 S.W.3d at 491; *see also Chiodini v. Lock*, 373 Ark. 88, 281 S.W.3d 728 (2008).

This court has, on several occasions, specifically held that a petition for writ of certiorari is not an appropriate remedy when a party seeks to reverse a discovery order. *Baptist Health*, 373 Ark. at 458–59, 284 S.W.3d at 502; *see also Chiodini*, 373 Ark. at 93, 281 S.W.3d at 732 ("Because a trial court's discovery ruling is a matter well within the court's jurisdiction *and* discretion, a writ of certiorari will not lie to correct any perceived error in the court's

ruling.") (emphasis in original). This court has denied petitions for writs of certiorari even when the alleged discovery violation pertains to material that the petitioning party claims is privileged. *See Ark. State Highway Comm'n v. Ponder*, 239 Ark. 744, 393 S.W.2d 870 (1965).

However, this court has made an exception where the issue was not a "mere" discovery issue but involved another area of law that would be impacted by the resolution of the discovery matter. *Ark. Democrat–Gazette, Inc. v. Brantley*, 359 Ark. 75, 194 S.W.3d 748 (2004). The *Brantley* court held the following:

> Traditionally, in addressing exclusive discovery issues, the court does not grant a non-party's petition for writ of certiorari. For example, in *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993), the court said that a writ of certiorari was not appropriate for a physician, a non-party expert, who was subpoenaed and required to testify in depositions. The court said that under Ark. R. Civ. P. 26(a), a party has an absolute right to take a deposition. Further, at depositions, the deponent has the right to not answer or the right to seek a protective order under Rule 26(c). These options available to the deponent, in return, do not "take away from the trial court's jurisdiction to sit and pass judgment on each one of the issues raised during discovery." *Id.* at 320, 855 S.W.2d 293 (upholding the line of cases that support a trial court's broad discretion to decide discovery issues. *Ballard v. Martin*, 349 Ark. 564, 585, 79 S.W.3d 838, 851 (2002); *Banks v. Jackson*, 312 Ark. 232, 239, 848 S.W.2d 408, 412 (1993)).

In addition, this court has also said that discovery issues are interlocutory and not appealable. *Ford Motor Company v. Harper*, 353 Ark. 328, 331, 107 S.W.3d 168, 170 (2003); *Farm Service Co-op. of Fayetteville v. Cummings*, 262 Ark. 810, 814, 561 S.W.2d 317, 319 (1978).

The central question in the cases mentioned above concerns the production of discovery, which is not the problem in this case. In sum, for a fee, the Arkansas Democrat–Gazette is willing to comply with the discovery (production) request. While this case does raise an interesting discovery problem under Rule 45, the crux of this case centers [on] how federal copyright law interplays with Rule 45. Instead of a mere discovery issue, this case is about the control of the copyrighted photos. Because of the unique copyright issue and potential copyright infringement, a writ of certiorari is appropriate.

359 Ark. at 78–79, 194 S.W.3d at 751.

■ Petitioner claims that this case is appropriate for extraordinary relief because without the confidentiality afforded by a protective order, any dissemination of its proprietary information would constitute an unlawful taking of its private property without due process or just compensation. The Arkansas Trade Secret Act defines "trade secret" as

> information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
>
> (A) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
>
> (B) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Ark.Code Ann. § 4–75–601(4) (Repl.2001). Further, the United States Supreme Court has indicated that confidential business information is recognized as property. *Car-*

penter v. United States, 484 U.S. 19, 108 S.Ct. 316, 98 L.Ed.2d 275 (1987). Because of the intangible nature of a trade secret, the extent of the property right therein is defined by the extent to which the owner of the secret protects his interest from disclosure to others. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984). Furthermore, a state "may not transform private property into public property without compensation, even for the limited duration of the deposit in court. This is the very kind of thing that the Taking Clause of the Fifth Amendment was meant to prevent." *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 164, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980).

We hold that this case presents an issue similar to the one we addressed in *Brantley* and is appropriate for certiorari review. *See In re Remington Arms Co.*, 952 F.2d 1029 (8th Cir.1991) (holding that serious policy considerations relating to compelled discovery of trade secrets required review of a request for extraordinary relief where ordinarily that relief would not be considered without an appealable order); *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949 (8th Cir.1979) (same). Therefore, a writ of certiorari is appropriate relief in this instance, where the issue is not merely the resolution of a discovery matter but how that resolution interacts with state and federal law protecting trade secrets.

Next, we must address whether the writ should lie in this case. In granting the Tucker Plaintiffs' motion to compel and denying petitioner's two requests for a protective order, the circuit court in this case relied on *Dunkin v. Citizens Bank of Jonesboro*, 291 Ark. 588, 727 S.W.2d 138 (1987), and found that petitioner had waived any objection to the discovery propounded by the Tucker Plaintiffs between April 26, 2010, and June 2, 2010.

Arkansas Rule of Civil Procedure 26 provides,

(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the issues in the pending actions, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.

. . .

. . .

(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, stating that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a desig-

nated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court. Ark. R. Civ. P. 26(b)(1), (c). Arkansas Rule of Civil Procedure 34 pertains to requests for production of documents and states that

> [t]he party upon whom the request has been served shall serve a written response within 30 days after the service of the request, except that a defendant must serve a response within 30 days after the service of the request upon him or within 45 days after the summons and complaint have been served upon him, whichever is longer. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

Ark. R. Civ. P. 34. Although Rule 37(a) provides the procedure for a party to file a motion to compel where an opposing party is refusing to produce requested documents, Rule 37(d) states that where a party fails to respond to a request for production or inspection, that failure to act "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act *has applied for a protective order* as provided in Rule 26(c)." Ark. R. Civ. P. 37(d) (emphasis added).

The circuit court grossly abused its discretion in this instance where it found that petitioner waived any objection to the discovery requested by failing to individually respond to those requests within the thirty-day period. There is no question that appellant filed its first motion for protective order on May 26, 2010—thirty days from the date the first set of objectionable requests for production were mailed. Thereafter, appellant filed a second motion for protective order on August 31, 2010, after the Tucker Plaintiffs propounded more discovery requests. Based on the plain language of the discovery rules, appellant's failure to individually respond to the requests for production was excused where it had filed for a protective order. Although neither Rule 26(c) nor Rule 37(d) contemplates a time frame for the filing of a motion for protective order, petitioner filed its first motion for protective order within thirty days of the requests it found objectionable. Moreover, the Tucker Plaintiffs argue that the first motion for protective order had to relate to trade secrets rather than the sheer volume of the discovery requests, but Rule 26(c) does not include such a requirement.

The circuit court erroneously relied on *Dunkin v. Citizens Bank of Jonesboro*, 291 Ark. 588, 727 S.W.2d 138 (1987), to support its decision. *Dunkin* is distinguishable on the facts and favorable on the law to the present case. There, Dunkin was accused of shooting her husband in self-defense. Her late husband's estate brought a negligence suit against her and propounded twenty-one interrogatories to her. After she took no action in regard to those discovery requests for over three months, the estate filed a motion to compel. Two months later, Dunkin answered three of the interrogatories but refused to answer the rest, asserting her Fifth Amendment constitutional right against self-incrimination. A hearing was held almost two

months later, and neither Dunkin nor her attorney was present. The circuit court determined that Dunkin was relieved from answering two of the remaining interrogatories but ordered her to answer the other sixteen. After Dunkin refused to answer, the circuit court granted a motion seeking sanctions and struck her answer. On appeal, this court held that Rule 37(d) gave the circuit court the authority to strike the pleadings where a party fails to serve answers or objections to interrogatories. *Id.* at 590–91, 727 S.W.2d at 140. However, we noted that a party objecting to discovery requests is allowed to seek protective relief pursuant to Rule 26(c), and we specifically noted that Rule 37(d) allows for a party's failure to respond to discovery to be excused where a protective order has been requested. *Id.*, 727 S.W.2d at 140. Accordingly, we held that Dunkin's failure to object within the time frame fixed by the discovery rules or file for protective order operated as a waiver of any objection. *Id.* at 591, 727 S.W.2d at 140.

*Dunkin* fully supports appellant's contention that it preserved its objections to the discovery requests propounded by the Tucker Plaintiffs by filing for a protective order. Consequently, the circuit court erred in relying on *Dunkin* to support its ruling against petitioner. Furthermore, the circuit court in this instance clearly failed to apply the exception provided for in Rule 37(d), and that error led it to order appellant to disclose potentially confidential documents containing protected trade secrets. In light of the protections afforded to trade secrets by state and federal law and the circuit court's error in applying our rules of discovery, we vacate the circuit court's order of October 1, 2010.

Writ of certiorari granted.