BART F. VIRDEN, Judge
This interlocutory appeal stems from the Cross County Circuit Court's decision to grant Richard Baughn Construction's (RBC) motion to compel discovery regarding a separate agreement between plaintiff Wynne-Ark. Inc., d/b/a Kelley's Restaurant (Kelley's) and a second defendant, Asphalt Producers, LLC (API). We reverse.
On June 2, 2014, Kelley's filed a complaint in the circuit court seeking damages against RBC, a subcontractor of API. In the complaint, Kelley's alleged damages arising from the defendants' negligent performance of a state highway construction contract. Kelley's asserted that during construction the entrance to the restaurant was unnecessarily blocked for a significant amount of time, which caused a loss of business income. Kelley's also claimed that the defendants failed to control the dust and debris in the course of work and that defendants damaged the entrance. API and RBC filed separate motions for summary judgment, which the circuit court denied.
On August 8, 2016, the circuit court ordered mediation. Both parties attended the mediation on September 20, 2016, and counsel for each party signed an agreement for mediation and a confidentiality agreement.
On September 21, 2016, RBC filed an amended answer and cross-claim against API, seeking contribution and apportionment of fault among the parties found to be responsible for Kelley's damages, if any. On October 21, 2016, API responded *773 that RBC had not stated facts or a legal basis for a claim, and the cross-claim should be dismissed. That motion was never ruled on by the circuit court. On November 23, 2016, Kelley's filed an objection to RBC's second set of interrogatories[1] and a request for production of documents.
On December 2, 2016, RBC responded that Kelley's had recently reached a settlement agreement with API, and RBC was entitled to discovery of the document to ascertain "what factual allegations remain pending against RBC and what damages are attributable to same." RBC argued that it was entitled to information regarding fault and damages pursuant to apportionment of fault; thus, disclosure of the document was necessary for RBC to develop a defense.
On January 9, 2017, RBC filed a motion to compel discovery. In the motion, RBC asserted that, pursuant to court-ordered mediation, Kelley's and API had reached a confidential settlement agreement. RBC explained that it had propounded discovery seeking the amount and terms of the settlement and release but that Kelley's had refused to disclose the document. RBC argued that the terms of the settlement were relevant and not privileged because RBC must have knowledge of the terms to prepare for trial and evaluate RBC's liability and damages. RBC also asserted that it is entitled to joint-tortfeasors settlement credit under the Uniform Contribution Among Tortfeasors Act (UCATA), codified in Ark. Code Ann. §§ 16-61-201 et seq., and that right is not abrogated in any way by the Civil Justice Reform Act (CJRA). RBC argued that it is entitled to apportionment of fault, with the greater amount of either fault or the settlement amount being apportioned to the settling defendant. RBC also contended that, pursuant to the CJRA, it is entitled to have API appear on the verdict forms to aid the jury in apportioning fault. RBC clarified that it was not requesting that the court rule on the admissibility of the document-only its discoverability.
On January 20, 2017, Kelley's responded to the motion to compel arguing that Ark. Code Ann. § 16-7-206 guaranteed the confidentiality of any record or writing made during mediation. Kelley's argued that RBC's negligent acts and ensuing damages were separate from API's; thus, the definition of "joint tortfeasors" has not been met, and RBC would not be entitled to any credit of the amount paid by API. Kelley's asserted that "for the same reasons, Asphalt Producers should not appear on the jury form and there should be no allocation of fault." Kelley's also questioned the retroactive application of Act 1116, and the right to allocation of fault that was created by it.
On January 23, 2017, Kelley's sought to dismiss without prejudice any claims against API. Kelley's explained that it had executed an agreement with API to resolve all claims, and on January 26, 2017, the circuit court granted Kelley's motion.
On February 7, 2017, API filed a second motion to dismiss RBC's cross-claim. API argued that RBC could not state a claim for contribution against API because although RBC may have the right to introduce evidence of API's negligence, and RBC may have the right to seek apportionment of fault, these rights are not connected to a right of contribution against API. API asserted that the right of contribution does not arise until a jury finds that RBC is required to pay an amount of damages that exceeds its pro rata share of common liability, and because the case is pending and no finding of liability has been *774 made, a cause of action for contribution does not exist. Furthermore, API argued that if RBC is found liable, it will be entitled to a setoff that ensures that RBC will pay only its pro rata share of fault. The court did not rule on the motion to dismiss the cross-claim.
On February 27, 2017, the circuit court entered an order compelling discovery "with the proviso that there will be a Protective Order with regard to the resolution between Asphalt Producers, LLC and Plaintiff, which resolution took place during mediation, and the parties agree that there was a stipulation that the document resulting from the mediation was confidential." The circuit court declined to rule on the admissibility of the document. Citing Cooper Tire & Rubber Co. v. Phillips County CircuitCourt , 2011 Ark. 183, 381 S.W.3d 67, the circuit court noted that whether a confidential settlement agreement is discoverable under these facts is an issue of first impression in Arkansas, and an interlocutory appeal is appropriate because this case presents an issue that is not "merely the resolution of a discovery matter, but involves another area of law that could be impacted by the resolution of the discovery matter."
On March 8, 2017, Kelley's petitioned for permission to file an interlocutory appeal, and the Arkansas Supreme Court granted Kelley's request. Kelley's filed a timely notice of appeal on April 6, 2017.[2]
On appeal, Kelley's argues three main points: (1) that the circuit court erred in granting the motion to compel discovery of the document; (2) that RBC is not entitled to contribution, credit, or allocation of fault; and (3) alternatively, if RBC is entitled to discovery of the agreement RBC must make a heightened showing of relevancy, and the scope and time of discovery should be limited. We reverse.
The circuit court has wide discretion in matters pertaining to discovery and its decision will not be reversed absent an abuse of discretion. Chiodini v. Lock , 2010 Ark. App. 340, at 3-4, 374 S.W.3d 835, 838. An abuse of discretion occurs when discretion is applied thoughtlessly, without due consideration, or improvidently. Id.
Kelley's argues that the terms of the confidential agreement are irrelevant to RBC's defense and should remain confidential and undiscoverable. Kelley's explains that RBC and API are not joint tortfeasors; thus, no right of contribution arises, and RBC cannot justify the disclosure of the terms of the agreement. RBC responds that according to Ark. Code Ann. § 16-7-206(c), the circuit court correctly found that disclosure of the document was warranted.
In its entirety, the statute provides the following:
(a) Except as provided by subsection (c) of this section, a communication relating *775 to the subject matter of any civil or criminal dispute made by a participant in a dispute resolution process, whether before or after the institution of formal judicial proceedings, is confidential and is not subject to disclosure and may not be used as evidence against a participant in any judicial or administrative proceeding.
(b) Any record or writing made at a dispute resolution process is confidential, and the participants or third party or parties facilitating the process shall not be required to testify in any proceedings related to or arising out of the matter in dispute or be subject to process requiring disclosure or production of information or data relating to or arising out of the matter in dispute.
(c) If this section conflicts with other legal requirements for disclosure of communications or materials, the issue of confidentiality may be presented to the court having jurisdiction of the proceedings to determine in camera whether the facts, circumstances, and context of the communications or materials sought to be disclosed warrant a protective order of the court or whether the communications or materials are subject to disclosure.
Ark. Code Ann. § 16-7-206.
RBC asserts that the circuit court properly followed subsection (c) by reviewing the document in camera and ordering disclosure.
We disagree with RBC's position. The issues of whether the parties are joint tortfeasors and, if so, at what point during litigation should disclosure be ordered are integral to deciding whether the confidential agreement may be disclosed; however, the circuit court declined to rule on the issue of contribution when it compelled discovery of the confidential settlement agreement arising out of the mediation, and disclosure of the document is in error without first determining when disclosure would be appropriate, if ever.
Joint tortfeasors are two or more parties who may have joint liability or several liability in tort for the same injury to a person or property, whether or not judgment has been recovered against all or some of them. Ark. Code Ann. § 16-61-201(c).
The right of contribution arises from a joint-liability situation as is explained in Ark. Code Ann. § 16-61-202, which sets forth the following:
(a) The right of contribution exists among joint tortfeasors.
(b) A joint tortfeasor is not entitled to a money judgment for contribution until he or she has by payment discharged the common liability or has paid more than his or her pro rata share of the common liability.
(c) The right of contribution is not limited to money damages but also includes the right to an allocation of fault as among all joint tortfeasors and the rights provided for in § 16-61-204.
(d) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement.
Clearly, whether the document in question is relevant to RBC's defense must be based on the determination of whether the parties are joint tortfeasors, whether the right of contribution exists in this case and, if so, at what point in the trial the right of contribution attaches. We hold that the circuit court applied its discretion without due consideration by ordering disclosure of the document without first deciding the preliminary issues relating to contribution.
*776 Because the circuit court did not rule on the issues of contribution, credit, and allocation of fault, we are barred from discussing Kelley's second point on appeal regarding those issues and its alternative argument that RBC must show heightened relevancy of the document and that the court should impose limitations on the scope of discovery. See Ark. Lottery Comm'n v. Alpha Mktg. , 2012 Ark. 23, at 7, 386 S.W.3d 400, 404 (An appellate court may not review a matter on which the circuit court has not ruled.). Furthermore, it is well settled that we will not issue an advisory opinion. Nelson v. Ark. Rural Med. Practice Loan & Scholarship Bd. , 2011 Ark. 491, at 12, 385 S.W.3d 762, 770.
Reversed and remanded.
Gruber, C.J., and Harrison, J., agree.

The objected-to interrogatories are not at issue in this interlocutory appeal.

Ark. R. App. P.-Civ. 2(f)(1) provides that the Arkansas Supreme Court "may, in its discretion, permit an appeal from ... an order pursuant to Rule of Civil Procedure 37 compelling production of discovery when the defense to production is any privilege recognized by Arkansas law or the opinion-work-product protection." On March 30, 2017, the Arkansas Supreme Court granted the request to file an interlocutory appeal. On June 22, 2017, RBC requested oral argument "pursuant to Rule 5-1 of the Rules of the Supreme Court. This appeal presents a question of first impression in Arkansas which can impact non-settling parties' substantive rights, post-settlement." On August 3, 2017, our supreme court transferred this case to the court of appeals, in a letter from the supreme court clerk, which set forth the following: "The Arkansas Supreme Court issued the following order today in the above-styled case. 'Request for oral argument. Case transferred to Court of Appeals.' " On August 15, 2017, this court granted the request for oral argument.